Argued and submitted November 21, 1979, remanded March 3, 1980

# STATE OF OREGON,
*Respondent,*

*v.*

# BILL BOWEN,
*Appellant.*

(Nos. 79-197, 79-200, 79-557
CA 14946, 14945, 14944)
(consolidated cases)

607 P2d 218

David J. Lillig, Assistant Public Defender, Coquille, argued the cause and filed the brief for appellant.

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for respondent. With him on

the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

TANZER, P. J.

**TANZER, P. J.**

Defendant appeals his convictions for burglary, assigning as error the denial of his motion to quash the indictments. Defendant argues that the grand jury lacked authority to issue the indictments because Coos Indians have been systematically excluded from grand juries in Coos County. That exclusion allegedly violated defendant's constitutional rights of due process and equal protection and ORS 10.110, which requires the county clerk to compile a grand jury list from "voter registration lists or any other source which will furnish a fair cross section of the county."

To prove his contention, defendant had to show that the Coos Indian Tribe is a cognizable group and that it has been substantially and systematically underrepresented in the county's grand jury lists. *Duren v. Missouri*, 439 US 357, 364, 99 S Ct 664, 58 L Ed 2d 579 (1978), and *Castaneda v. Partida*, 430 US 482, 494-95, 97 S Ct 1272, 51 L Ed 2d 498 (1977).

In support of the motion, the vice chairman of the Coos, Lower Umpqua and Siuslaw tribes testified that approximately 1,000 Coos Indians lived in the county, or about 1.58 to 1.67 percent of the general population. After reviewing grand jury lists from 1978 to 1979, the vice chairman testified that he recognized the name of only one member of that tribe from out of about 1,000 names, equalling .1 percent. The vice chairman admitted that he might not have been able to recognize the names of all Coos Indians, particularly younger members of his tribe.

The state introduced testimony that grand jury selection was based on voter registration lists and that there were no known procedural hurdles preventing Coos Indians from registering to vote.

The trial court ruled that the Coos Indian tribe is a cognizable group but denied the motion, ruling that there was no systematic exclusion of any group. It is

unclear from the record whether the motion was denied on a legal or factual basis. We cannot tell whether the court found the evidence to be unpersuasive, in which case we would be bound to uphold the fact-finding, or whether it found the evidence to be insufficient as a matter of law to establish systematic exclusion, in which case we would have to review the legal effect of the facts under *Castaneda v. Partida.* We therefore remand for a more specific order.

Remanded.